IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

                          CR. NO. S-08-0420 EJG
     v.                         CIV NO. S-11-1866 EJG

IVAN QUINTERO JIMENEZ,          ORDER DENYING § 2255 MOTION

        Defendant.
_____/

Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

1

## Background

Defendant was convicted September 18, 2009, pursuant to his plea of guilty, of one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The plea agreement provided, among other things, that defendant waived his rights to appeal and collaterally attack his conviction and sentence.  Plea Agreement, 6:19 – 7:5 (attached as Exhibit "A").  Defendant was sentenced June 25, 2010 to a term of 168 months imprisonment and five years supervised release.  The judgment was signed and entered on the docket July 2, 2010.  The instant motion in which defendant seeks to vacate or reduce his sentence was filed July 14, 2011, within one year after the judgment of conviction became final.[1]

## Discussion

Defendant's motion raises six claims of ineffective assistance, each of which alleges that defendant received a sentence greater than he would have but for counsel's errors.[2] The motion is barred by the terms of the plea agreement.

---

[1] If no appeal is taken, a judgment of conviction is final (for purposes of calculating the one-year limitations period for section 2255 motions) when the time for filing a direct appeal expires, which is 14 days after entry of the judgment.  Fed. R. App. Pro. 4(b)(1)(A).

[2] The first claim alleges counsel was ineffective for failing to argue for a downward adjustment to the offense level for defendant's minor role in the offense.  The second, failure to argue over-representation of criminal history.  The third, failure to seek a continuance of sentencing to investigate amendments to the sentencing guidelines which may have reduced defendant's sentence.  The fourth, failure to challenge defendant's prior conviction.  The fifth, failure to challenge application of the guideline for "actual" vs. "mixture" of methamphetamine.  The sixth and final claim, failure to file a sentencing memo seeking a variance based on defendant's minor role in the offense.

As noted above, defendant waived his appellate rights which includes the right to collaterally attack his sentence, expressly agreeing that, "regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence."  Plea Agreement, 7:1-5.  Defendant's waiver of his appellate rights is enforceable if the waiver encompasses the grounds raised in the challenge, and is knowingly and voluntarily made.  United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); United States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

Here, the waiver signed by defendant is a broad one and clearly encompasses the claims raised in his motion, giving up "any right he may have to bring a post-appeal attack on his conviction or his sentence."  Plea Agreement, 7:2-3 (emphasis added).  Nor has defendant shown that his waiver was involuntary or unknowing.  The plea agreement is clear in its expression of the waiver and defendant cannot legitimately contend he did not know its meaning where the agreement bears his signature and he was specifically questioned by the court about his understanding of the waiver during the plea colloquy.

None of defendant's claims challenge the validity of the waiver of the rights to appeal and collateral attack.  Here, all

3

six claims arise after the entry of plea and allege counsel's ineffectiveness in the context of sentencing. Claims not involving the validity of the appellate waiver itself, are subject to waiver. See United States v. Bollinger, 940 F.2d 478, 480 (9th Cir. 1991) (right to challenge sentencing errors on direct appeal may be explicitly waived); United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (where a waiver includes the right to appeal the sentence, it also waives the right to argue ineffective assistance during the sentencing proceedings).

In the context of a waiver of collateral attack, all Circuits to have addressed the issue agree that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 f.3d 1340, 1342 (11th Cir. 2005) (collecting cases from Second, Fifth, Sixth, Seventh and Tenth Circuits). See also United States v. Maqueflor, 220 Fed. Appx. 603, 604 (9th Cir. 2007) (waiver of collateral attack in plea agreement waives alleged claims of ineffective assistance of counsel which occur after signing of agreement).

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED, defendant having waived

the right to bring a collateral attack on his sentence as part of
his plea agreement.  The Clerk of Court is directed to close
companion civil case Civ. S. No-11-1866 EJG.

     IT IS SO ORDERED.

Dated: September 30, 2011

                                   /s/ Edward J. Garcia
                                   EDWARD J. GARCIA, JUDGE
                                   UNITED STATES DISTRICT COURT