UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>IVAN QUINTERO JIMENEZ,<br><br>    Movant. | No. 2:08-cr-0420 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

The court's records reveal that movant has previously filed a motion to vacate, set aside or correct his sentence. The first motion was filed on July 14, 2011, and was denied as barred by movant's plea agreement on October 5, 2011. (ECF Nos. 75, 79.) Movant appears to concede such filing by stating "[t]he only post-sentencing proceeding was a 3582 motion[1] and [a] 2255 motion," and noting the latter motion was denied. (ECF No. 105 at 2, 4.)

Moreover, as argued by respondent, an order to reduce a sentence under Section 3582 does not constitute a "new judgment" enabling movant to file a new § 2255 motion. Sherrod v. United States, 858 F.3d 1240, 1241 (9th Cir. 2017) (as a matter of first impression, sentence

---

[1] The parties stipulated to a reduction in movant's sentence under 18 U.S.C. § 3582(c)(2), and an amended judgment was entered on November 10, 2015. (ECF Nos. 103, 104.)

1

reduction based on amendment to Sentencing Guidelines was not a new judgment, as would permit filing of second motion to vacate, set aside, or correct sentence without authorization).

Before movant can proceed with the instant motion, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3). Therefore, this petition should be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's April 24, 2017 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 105) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:17-cv-0875 WBS.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, movant may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jimi0420.succ